TIM C. HALE (State Bar No. 114905)
CHRISTOPHER SARGENT (State Bar No. 246285)
RUSSO & HALE LLP
401 Florence Street
Palo Alto, CA 94301
Telephone: 650-327-9800
Facsimile: 650-327-3737
Email: thale@computerlaw.com
Email: csargent@computerlaw.com

Attorneys for Plaintiff
YIELD DYNAMICS, INC.

#9
Fee Pd
SI

FILED
2007 AUG -3 P 12: 53
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

C07  03998  CW

| | |
|---|---|
| YIELD DYNAMICS, INC., a California corporation,<br><br>        Plaintiff,<br><br>        vs.<br><br>YIELD DYNAMICS GROUP, INC, a corporation,<br><br>        Defendant. | Case No.: _____<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION**<br><br>**[JURY TRIAL DEMANDED]** |

**Complaint**                                                     Case No. ____

RUSSO & HALE LLP
Palo Alto, California

Plaintiff Yield Dynamics, Inc. ("YDI" or "Plaintiff") alleges as follows against Defendant Yield Dynamics Group, Inc. ("YDG" or "Defendant"):

## NATURE OF ACTION

1. This is an action for trademark infringement and unfair competition based upon Defendant's having improperly and wilfully used Plaintiff's trademark YIELD DYNAMICS, with trademark registration no. 2,579,314 (the "Trademark"), without permission, thereby causing customer confusion, and unfairly competing with Plaintiff by the improper use of Plaintiff's trademark.

## JURISDICTION AND VENUE

2. This action arises under the trademark laws of the United States, 15 U.S.C. §§ 1051 et seq. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b), as well as 15 U.S.C. §1121. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b) - (c) and 1400(b) in that, on information and belief, Defendant has used, sold, offered for sale, distributed, or otherwise commercially exploited in this District products that infringe upon Plaintiff YDI's Trademark and has improperly created confusion as to the owner of such marks or goods associated with such marks in this District. The Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over YDI's pendant claims.

## THE PARTIES

3. YDI is a corporation duly organized and existing under the laws of the State of California, having its principal place of business in Santa Clara County, California. YDI is a worldwide leader in the development and marketing of yield management and automated lithography process control software for the semiconductor industry ("Yield Management Software"). Yield Management Software is used by semiconductor manufacturers to identify, analyze and correct defects or other problems occurring in the semiconductor manufacturing process, resulting in greater yield, and therefore profitability, from such process.

4. YDG purports to be a corporation with its principal place of business in Chicago, Illinois.

//

## BACKGROUND FACTS

5. Plaintiff sells Yield Management Software throughout the world, and the United States, branded with the Trademark.

6. Plaintiff has continuously used the Trademark in interstate commerce since January 2000 in connection with the sale of goods and services. One place where the mark is prominently used is Plaintiff's website, www.yielddynamics.com.

7. On June 21, 1999 Plaintiff filed for a trademark registration in the name "Yield Dynamics." The Trademark was registered on June 11, 2002 and bears registration number 2,579,314, a copy of which is attached hereto as Exhibit 1.

8. Plaintiff is informed and believes, and on that basis alleges, that Defendant uses the Trademark in identical form in connection with the goods and sales, including prominent displays on its website, www.yieldco.com.

9. Plaintiff is informed and believes, and on that basis alleges, that Defendant's use of the Trademark is in connection with the sale of software and services, and as such will likely confuse customers.

## FIRST CLAIM FOR RELIEF

**(Trademark Infringement [15 U.S.C. § 1114(1)])**

10. Plaintiff realleges each of the allegations of Paragraphs 1 through 9, above, and incorporates the same by this reference as if fully set forth herein.

11. Plaintiff has adopted and has used the Trademark in interstate commerce for its goods and services since January 2000, and is currently using the Trademark in interstate commerce.

12. Plaintiff has continuously used the Trademark to identify its goods and services, and to distinguish them from those made by others, by, among other things, prominently displaying the Trademark on or in connection with its products, advertising brochures, mailings, and manuals distributed throughout the United States and the world. Since the registration date for the Trademark, Plaintiff has given constructive notice that the Trademark is registered in the U.S.

//

RUSSO & HALE LLP
Palo Alto, California

Complaint                                                                 2                                          Case No. _____

Patent and Trademark Office by displaying with the marks as used the letter R enclosed within a circle.

13.  Plaintiff is informed and believes that Defendant has infringed the Trademark in interstate commerce within the meaning of the Lanham Act by using the Trademark on products and/or in connection with services, and/or the marketing, advertising or commercialization of such products and/or services, thus creating confusion as to such ownership and the source of goods or services designated by such Trademark.  Such uses of the Trademark by Defendant are without permission or authority of Plaintiff and said uses by Defendant are likely to cause confusion, to cause mistake, and to deceive the public.

14.  Plaintiff is informed and believes that Defendant's unauthorized use of the Trademark has been committed wilfully and maliciously, and with the intent to cause confusion, mistake, and to deceive, such that Plaintiff is entitled to exemplary damages sufficient to deter such conduct by Defendant in the future.  Plaintiff gave notice to Defendant prior to filing this action that its use of the Trademark was improper, but Defendant has failed and refused to cease such use.

15.  Plaintiff is informed and believes, and on that basis alleges, that by reason of the above acts, Defendant has caused, is causing, and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury to, among other things, the value of the Trademark, the goodwill and business reputation of Plaintiff, and its business relations with customers and prospective customers, all of which cannot be adequately measured or compensated in money damages.  Plaintiff has no adequate remedy at law and is entitled to injunctive relief enjoining and restraining Defendant, its officers, agents, servants, employees, partners, licensees, affiliates, and attorneys, and those persons in active concert or participation with them, including but not limited to Defendant's distributors, resellers, and customers, from further use of Plaintiff's Trademark.

16.  As a direct and proximate result of Defendant's trademark infringement, Plaintiff has been, and continues to be, severely damaged in an amount yet to be determined, but to be proven at trial.  Plaintiff is also entitled to enhanced damages under the Lanham Act due to

//

1  Defendant's deliberate, wilful and intentional use of Plaintiff's Trademark even after Defendant
2  was notified of the same, in an amount to be proven at trial.

### SECOND CLAIM FOR RELIEF

(Unfair Competition)

17. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 16, above, as if set forth in full herein.

18. Plaintiff is informed and believes, and on that basis alleges, that Defendant has used the Yield Dynamics Trademark and trade name in interstate commerce. Such use of the Yield Dynamics Trademark and trade name by Defendant is without permission or authority of Plaintiff and said use by Defendant is likely to cause confusion, to cause mistake, and to deceive and to unfairly compete with Plaintiff.

19. Defendant's heretofore alleged acts of unfair competition have been committed wilfully and maliciously, and with the intent to cause confusion, mistake, and to deceive the public and to injure Plaintiff, such that Plaintiff is entitled to exemplary damages sufficient to deter such conduct by Defendant in the future.

20. Plaintiff is informed and believes, and on that basis alleges, that by reason of the above acts, Defendant has caused, is causing, and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury to, among other things, the goodwill and business reputation of Plaintiff, and its business relations with customers and prospective customers, all of which cannot be adequately measured or compensated in money damages. Plaintiff has no adequate remedy at law and is entitled to injunctive relief enjoining and restraining Defendant, its officers, agents, servants, employees, partners, licensees, affiliates, and attorneys, and those persons in active concert or participation with them, including but not limited to Defendant's distributors, resellers, and customers, from further use of Plaintiff's company name and the Yield Dynamics Trademark on Defendant's website or otherwise.

21. As a direct and proximate result of Defendant's unfair competition, Plaintiff has been, and continues to be, irreparably harmed and otherwise severely damaged in an amount yet to be determined.

## PRAYER FOR RELIEF

WHEREFORE, YDI prays for judgment against Defendant and those persons in control of or acting in concert therewith, as follows:

A. For preliminary and permanent injunctions enjoining Defendant, its officers, agents, servants, employees, and all other persons in active concert with it from directly or indirectly infringing YDI's trademarks or continuing to assist in any such activity;

B. For YDI's actual damages according to proof, and for disgorgement of any additional gains, profits, and advantages obtained by Defendant attributable to its infringements of YDI's Trademark, in accordance with proof;

C. For statutory damages for Defendant's infringement;

D. For punitive damages in amounts sufficient to punish Defendant for its wrongful acts;

E. For treble damages pursuant to statute;

F. For an accounting by Defendant of all gains, profits, and advantages derived from their acts of infringement and for its other violations of law;

G. For pre-judgment interest;

H. For its costs of suit and for its reasonable attorneys' fees as authorized by law; and

I. For such other, further, and different relief as the Court deems just and proper.

Dated: August 3, 2007

RUSSO & HALE LLP

By: /s/ Tim C. Hale
Tim C. Hale
Christopher Sargent

Attorneys for Plaintiff
YIELD DYNAMICS, INC.

Complaint — 5 — Case No. _____

RUSSO & HALE LLP
Palo Alto, California

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Pursuant to F.R.C.P. Rule 38, Plaintiff YDI hereby demands trial by jury of all issues triable by a jury.

Dated: August 3, 2007

RUSSO & HALE LLP

By: _____
Tim C. Hale
Christopher Sargent

Attorneys for Plaintiff
YIELD DYNAMICS, INC.

# EXHIBIT 1

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36, and 38

Reg. No. 2,579,314

**United States Patent and Trademark Office**    Registered June 11, 2002

## TRADEMARK
### PRINCIPAL REGISTER

## YIELD DYNAMICS

YIELD DYNAMICS, INC. (CALIFORNIA CORPORATION)
2855 KIFER ROAD, SUITE 100
SANTA CLARA, CA 95051

FOR: COMPUTER SOFTWARE FOR THE SEMICONDUCTOR MANUFACTURING PROCESS FOR THE PURPOSE OF DATA ANALYSIS AND DATA STORAGE TO IMPROVE THE MANUFACTURING PROCESS AND PRODUCT DESIGN AND USERS' MANUALS SOLD TOGETHER AS A UNIT, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 1-26-2000; IN COMMERCE 1-26-2000.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "YIELD", APART FROM THE MARK AS SHOWN.

SN 75-732,970, FILED 6-21-1999.

JENNIFER KRISP, EXAMINING ATTORNEY